[L. A. Nos. 18303, 18304. In Bank. Oct. 2, 1942.]

S. H. SQUIRE, as Superintendent of Banks of the State of Ohio, etc., Respondent, v. CLIFFE U. MERRIAM, Appellant.

(Two Cases)

Hill, Morgan & Bledsoe, Kenneth K. Wright, Meserve, Mumper & Hughes, Roy L. Herndon and Charles O. Parker for Appellant.

Mathes & Sheppard, Wm. C. Mathes, Emyrs Davis, Thomas J. Herbert, Attorney General (Ohio), E. S. Lindemann and A. O. Husband, Special Counsel to Attorney General, E. J. Halambeck, Assistant Special Counsel to Attorney General, Gordon F. Hampton and Paul M. Gregg for Respondent.

SHENK, J.—Plaintiff, as Superintendent of Banks in charge of the liquidation of the business and property of The Guardian Trust Company and The Union Trust Company, both of Ohio, commenced these actions on July 28, 1937, in Los Angeles County, to enforce the alleged stockholders' liability of the defendant Cliffe U. Merriam and Madaline M. Mullins as stockholders in those corporations.

The Guardian Trust Company and The Union Trust Company were Ohio manking corporations. On February 27, 1933, the defendant Merriam was and for· some time prior thereto had been a stockholder of record in The Guardian Trust Company, owning 157 shares of its capital stock of a par value of $100. On the morning of that day, the company was unable to meet its obligations in the regular

course of business. Pursuant to a resolution of the board of directors, but without statutory authority, it operated on a restricted basis on that day in that it refused to pay more than one per cent of any demand deposit or other matured obligation. On the evening of that day, the Ohio Legislature enacted a law, effective immediately, authorizing the superintendent of banks to place any banking institution on a restricted basis and to segregate all deposits thereafter received. Accordingly, the superintendent made such an order applicable to The Guardian Trust Company. On April 8, 1933, the superintendent appointed a conservator to take possession of the business and property of the bank. The superintendent took possession for the purpose of liquidation on June 15, 1933. On July 11, 1933, he declared the individual liability of the stockholders of the company to be one hundred per cent of the par value of the shares. On July 15, 1933, he caused notices of the liability to be mailed to the stockholders. The notices demanded payment on or before September 15, 1933.

On February 27, 1933, defendant Merriam was the record owner of 1652 shares of the capital stock of The Union Trust Company of the par value of $25 per share.

On February 28, 1933, the 157 shares of capital stock in The Guardian Trust Company and the 1652 shares of capital stock in The Union Trust Company were transferred of record to the defendant Madaline M. Mullins, who died on November 3, 1939, in the county of Los Angeles. Charles E. Beardsley was appointed administrator of her estate and thereafter was substituted in the place of Madaline M. Mullins as a defendant in the actions.

On June 11, 1936, both defendant Merriam and defendant. Mullins for a valuable consideration executed a waiver of the statute of limitations if the causes of actions herein sued upon were not barred prior to June 15, 1936.

Judgments were entered for the plaintiff against the defendant Merriam and for the defendant administrator in both cases. The defendant Merriam appeals. The two cases were consolidated for the purpose of the appeal.

In the case of *Ohio* v. *Porter,* (L.A. 18302), *ante,* p. 45 [129 P.2d 691], this day decided, it was held that the cause of action there sued upon was created on February 27, 1933,

and that the action was barred by section 359 of the California Code of Civil Procedure. The questions of law involved herein are the same as those presented and passed upon in the case of *Ohio* v. *Porter, supra.* On the authority of that case the judgment appealed from are reversed.

Gibson, C. J., Curtis, J., Edmonds, J., and Carter, J., concurred.

TRAYNOR, J.—I dissent for the reasons set forth in the dissenting opinion in *Ohio* v. *Porter, ante,* p. 45 [129 P.2d 691], this day decided.

Peters, J. pro tem., concurred.